UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEY S. GERALD, Parent and Guardian
of A.G.,                                              No. 09-14763

        Plaintiff,                              District Judge George Caram Steeh

v.                                                    Magistrate Judge R. Steven Whalen

FLINT COMMUNITY SCHOOL DISTRICT,
ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss [Doc. #13 ][1], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that the Motion be GRANTED, dismissing these Defendants WITH PREJUDICE.

**I. BACKGROUND FACTS**

Plaintiff, the father of minor AG, a former student at Flint Northwestern High School, filed a *pro se* suit on December 9, 2009 against the Flint Community School District, Frederick White ("White"), Northwestern's principal, Marvin Nunn ("Nunn"), an assistant principal, Derrick Johnson ("Johnson"), a school security staff member, the Flint Police Department, and Mark Williams ("Williams"), a Flint Police Officer. *Docket #1*. Plaintiff alleges that AG's October 29, 2008 arrest on school property violated his son's Fourth and Fourteenth Amendment rights.

On October 29, 2008, Roosevelt Anthony, a student at Northwestern High School, was reportedly attacked by several other students during school hours. *Complaint* at pg. 1. Plaintiff

---

[1] This Motion is brought by Defendants Flint Community School District, Frederick White, Marvin Nunn and Derrick Johnson.

alleges that White, "with the help of Assistant Principal Nunn," directed Johnson to remove AG from class and bring him to the principal's office where he, along with several other students suspected in the assault, were detained. *Id.* Upon notification by school staff, Flint police officer Williams arrested the student suspects, then transported them to the police station where they were booked and interviewed. *Id.* All of the suspects were later released to their parents. *Id.* According to Defendant Police Officer Williams' report, charges were dropped on the basis that student witnesses, fearing reprisal, were reluctant to testify against the attackers. *Docket #1,* 10 of 50.

Plaintiff, denying that his son was involved in the assault on Roosevelt, alleges that AG's arrest was precipitated by White's unfounded belief that AG participated in the beating. *Id.* According to Plaintiff, a conference held the following month revealed that AG had been identified as an attacker on the sole basis that he had been seen talking to one of the attackers around the time of attack. *Id.* Plaintiff asserts that as such, his son was unjustly labeled as "a violent gang member." *Id.*

In April, 2009, Plaintiff , through his ombudsman, arranged a meeting with Flint Police representative Alverne Locke and Williams for the purpose of obtaining an incident report. *Id.* at 2. Locke, noting that the report contained witness names, allegedly refused to turn over the incident report on the basis that several witnesses were minors. *Id.* Plaintiff notes that a statement by Williams indicated that school officials had not followed through with a promise to produce a video tape of the attack to police. *Id.* Plaintiff hypothesizes that the tape, if produced, would show that Roosevelt was attacked by only one person. *Id.*

Plaintiff faults Defendant school personnel for detaining AG before performing a thorough inquiry. *Id.* He notes that one of the two teachers who broke up the fight, Ms. Holloway, has stated

that "to the best of her knowledge," AG was not involved. *Id.* at 2-3. Plaintiff alleges that neither White nor Williams have "produced any concrete proof" that the nine arrested individuals (including his son) are gang members, asserting further that "[n]o alleged gang activity has been reported or documented before this alleged incident took place." *Id.* at 2. He disputes Williams' statement that witnesses, fearing reprisal, were reluctant to testify against the individuals. *Id.* Plaintiff appears to allege that Williams, aware of AG's September, 2006 arrest and school records showing that he had been suspended for misbehavior multiple times, based the October, 2008 arrest on his son's disciplinary and legal history rather than probable cause. *Id.* at 3.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

### III ANALYSIS

#### A. Fourteenth Amendment Due Process Claims

Defendants argue that none of the claims against them amount to Fourteenth Amendment due process violations. *Defendants' Brief* at 4. Citing *Goss v. Lopez,* 419 U.S. 565, 574, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), they argue that AG's removal from class following the assault and the ensuing five-day suspension were constitutionally permissible. *Id.* at 5; *Plaintiff's Response* at 13; *Reply* at 2. Citing *Predes v. Curtis,* 864 F.2d 426, 429 (6th Cir. 1988), they also argue that Plaintiff was entitled to neither the incident report nor the names of the students witnessing the attack. *Defendants' Brief* at 4. Defendants note further that AG has no Fourteenth Amendment liberty or property interest in the alleged damage to his reputation. *Id.* at 5 (citing *Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)).

#### 1. Removal from Class/Five-Day Suspension

Public school students enjoy a property interest in obtaining an education. *Goss, supra,* 419 U.S. 565, 579, 95 S.Ct. 729 ("[S]tudents facing suspension and the consequent interference with a protected property interest must be given some kind of notice and afforded some kind of hearing"). Nonetheless, "[s]tudents whose presence poses a continuing danger to persons or property or an ongoing threat of disrupting the academic process may be *immediately* removed from school." *Id.* (emphasis added).

At a minimum, Plaintiff acknowledges that his son's removal from class was precipitated by the attack of a classmate. *Complaint* at 1. Although he contends that his son's removal from class and arrest were actually motivated by prior conflicts with Defendants, he admits that Defendants' *stated* reason for the seizure was that AG posed a continuing threat to the safety of other students. Plaintiff does not deny that while in the school office AG was informed of the accusations against him and was not deprived of the opportunity to present his side of the story. Aside from the issue of whether probable cause existed for AG's removal and arrest, under *Goss,* Defendants were entitled to remove AG from class without a prior hearing.

### 2. Denial of the Incident Report or Witness Names

Likewise here, withholding the identity of witnesses to the attack was within the discretion allotted to Defendant school officials. *Newsome v. Batavia Local School Dist.,* 842 F.2d 920, 925, fn 3 (6th Cir. 1988)(no right to cross examine student witnesses in expulsion hearings). "Without the cloak of anonymity, students who witness criminal activity on school property will be much less likely to notify school authorities, and those who do will be faced with ostracism at best and perhaps physical reprisals." *Id.* at 925; *see also Paredes by Koppenhoefer v. Curtis,* 864 F.2d 426, 430 (6th Cir. 1988) (no entitlement to witness statements in the school setting).

### 3. Reputation

Plaintiff claim that his son's "good reputation" was harmed by the suggestion that he was involved in gang activity is also subject to dismissal. *Paul v. Davis*, *supra,* 424 U.S. 693, 712, 96 S.Ct. 1155 (harm to respondent's reputation, by itself, "did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause").

**B. Detainment**

Defendants also argue that AG's detainment in the school office did not amount to a violation of his Fourth Amendment rights. *Defendants' Brief* at 9. Citing *New Jersey v. TLO,* 469 U.S. 325, 341, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), they contend that "[f]or the search of a student to be reasonable, the school official's search must have been justified when it began and the search 'as actually conducted' must be 'reasonably related in scope to the circumstances which justified the interference in the first place.'" *Id.*

School administrators need not show probable cause to search students. *New Jersey v. T.L.O., supra,* 469 U.S. at 341, 105 S.Ct. 733. Instead, in balancing "the privacy interests of schoolchildren with the substantial need of teachers and administrators for freedom to maintain order in the schools," teachers and administrators need only show that the search was reasonable under the circumstances. The legal standard for a search in the school setting, set forth in *T.L.O* has also been applied to seizures*:* "'[A] school official may detain a student if there is a reasonable basis for believing that the pupil has violated the law or a school rule.'" *S.E. v. Grant County Bd. of Educ.*, 544 F.3d 633, 641 (6th Cir. 2008)(citing *Wofford v. Evans,* 390 F.3d 318, 326 (4th Cir.2004)).

The Complaint's factual allegations (supplemented with school records showing that AG was expelled or otherwise disciplined on multiple occasions before the October 29, 2008 attack) do not state a plausible claim that his detainment was not reasonably related to the attack on Roosevelt. The Complaint's allegations and exhibits, along with Plaintiff's response to the present motion, establish that the seizure was reasonable. Police reports state that AG, along with eight other individuals, were escorted to the office after Roosevelt reported that nine gang members attacked him. *Docket #1* at 13, 21. Upon their arrival in the school office, Roosevelt then identified the nine

-6-

individuals as his attackers. *Id.* Plaintiff's contention that the Defendants failed to seek out exculpatory evidence before detaining AG is irrelevant. Because Roosevelt's statement would be sufficient to establish probable cause (a higher bar than required here) it follows that the seizure was also "reasonable." *U.S. v. Shaw,* 464 F.3d 615, 623 (6th 2006)(An eye witness's statement that he or she saw a crime committed or was the victim of a crime is generally sufficient to establish probable cause")[2].

### C. Qualified Immunity

Because there was no violation of Plaintiff's constitutional rights, Defendants White, Nunn, and Johnson are also entitled to dismissal on the basis of qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Higgason v. Stephens,* 288 F.3d 868, 876-877 (6th Cir.2002). Under *Saucier,* the threshold question is whether a constitutional violation occurred. If it did not, a state officer or agent acting in the course of his or her official duties is

---

[2] Even assuming that the seizure began when AG was summoned to the office (rather than at the time of the ID by Roosevelt) Roosevelt's statement that he was assaulted by nine gang members was sufficiently reasonable to grounds to summon AG to the school office given additional information possessed by Defendants. The following is only a sample of the disciplinary actions taken against AG in the two years prior to the attack on Roosevelt: *Docket #1* at 47 (three-day suspension in May, 2008 for disruptive behavior); *Id.* at 48 (four-day suspension in December, 2007 for writing profanity on a school desk);*Docket #1-2* at 1 of 50 (five-day suspension in September, 2008 for throwing a bottle in the school cafeteria); *Id.* at 2 (February, 2008 five-day suspension for disruptive behavior); *Id.* at 4 (April, 2008 one-day suspension for insubordination). AG was also convicted of assault in September, 2006. *Docket #1* at 4, 31 of 50. Moreover, prior to the October 29, 2008 attack on Roosevelt, AG had been observed "hanging around gang members" at school on multiple occasions. *Docket #1* at 11. Defendants' inference that AG was a gang member, coupled with his disciplinary history and Roosevelt's statement that he had been attacked by gang members, provided a reasonable basis for summoning AG to the school office.

protected by qualified immunity.[3]   Further, the absence of a constitutional tort by individual school employee Defendants extinguishes "municipal claims" against Defendant Flint Community School District.

### IV. CONCLUSION

For these reasons, I recommend that the motion to dismiss [Doc. #13] be GRANTED, dismissing these Defendants with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

---

[3] More recently, the Supreme Court reconsidered the sequential inquiry set forth in *Saucier,* concluding that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 812, 172 L.Ed.2d 565 (2009). Because here, Plaintiff has failed to state a plausible claim of constitutional violations by present Defendants, the sequence set forth in *Saucier* is appropriate.

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE
Date: February 3, 2011

_____

**CERTIFICATE OF SERVICE**

     I hereby certify on February 3, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 3, 2011: **Joey Gerald.**

                                                  s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge R. Steven Whalen
                                                (313) 234-5217