UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEY S. GERALD, Parent and Guardian
of A.G.,                                                             No. 09-14763

        Plaintiff,                                        District Judge George Caram Steeh

v.                                                                    Magistrate Judge R. Steven Whalen

FLINT COMMUNITY SCHOOL DISTRICT,
ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Flint Police Department's Motion to Dismiss [Doc. #18] which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that the Motion be GRANTED, dismissing this Defendant with prejudice. I further recommend that Plaintiff's request to amend his complaint to substitute "the City of Flint" as the real party in interest be DENIED.[1]

**I. BACKGROUND FACTS**

The factual background is drawn directly this Court's recent Report and Recommendation recommending dismissal of Defendants Flint Community School District, White, Nunn, and Johnson. *Doc. #27.*

Plaintiff, the father of minor AG, a former student at Flint Northwestern High School, filed a *pro se* suit on December 9, 2009 against the Flint Community School District, Frederick White

---

[1] Plaintiff's response to this motion to dismiss can also be construed as a motion to amend his complaint to substitute "City of Flint" for "Flint Police Department."

("White"), Northwestern's principal, Marvin Nunn ("Nunn"), an assistant principal, Derrick Johnson ("Johnson"), a school security staff member, the Flint Police Department, and Mark Williams ("Williams"), a Flint Police Officer. [Complaint, Doc. #1]. Plaintiff alleges that AG's October 29, 2008 arrest on school property violated his son's Fourth and Fourteenth Amendment rights.

On October 29, 2008, Roosevelt Anthony, a student at Northwestern High School, was reportedly attacked by several other students during school hours. Complaint at pg. 1. Plaintiff alleges that White, "with the help of Assistant Principal Nunn," directed Johnson to remove AG from class and bring him to the principal's office where he, along with several other students suspected in the assault, were detained. Id. Upon notification by school staff, Flint police officer Williams arrested the student suspects, then transported them to the police station where they were booked and interviewed. Id. All of the suspects were later released to their parents. Id. According to Defendant Police Officer Williams' report, charges were dropped on the basis that student witnesses, fearing reprisal, were reluctant to testify against the attackers. *Doc. #1*, 10 of 50.

Plaintiff, denying that his son was involved in the assault on Roosevelt, alleges that AG's arrest was precipitated by White's unfounded belief that AG participated in the beating. *Id*. According to Plaintiff, a conference held the following month revealed that AG had been identified as an attacker on the sole basis that he had been seen talking to one of the attackers around the time of attack. Id. Plaintiff asserts that as such, his son was unjustly labeled as "a violent gang member." *Id*.

In April, 2009, Plaintiff, through his ombudsman, arranged a meeting with Flint Police representative Alverne Locke and Williams for the purpose of obtaining an incident report. Id. at 2. Locke, noting that the report contained witness names, allegedly refused to turn over the incident

report on the basis that several witnesses were minors. *Id*. Plaintiff notes that a statement by Williams indicated that school officials had not followed through with a promise to produce a video tape of the attack to police. *Id*. Plaintiff hypothesizes that the tape, if produced, would show that Roosevelt was attacked by only one person. *Id*.

Plaintiff faults Defendant school personnel for detaining AG before performing a thorough inquiry. *Id*. He notes that one of the two teachers who broke up the fight, Ms. Holloway, has stated that "to the best of her knowledge," AG was not involved. *Id.* at 2-3. Plaintiff alleges that neither White nor Williams have "produced any concrete proof" that the nine arrested individuals (including his son) are gang members, asserting further that "[n]o alleged gang activity has been reported or documented before this alleged incident took place." *Id.* at 2. He disputes Williams' statement that witnesses, fearing reprisal, were reluctant to testify against the individuals. *Id.* Plaintiff appears to allege that Williams, aware of AG's September, 2006 arrest and school records showing that he had been suspended for misbehavior multiple times, based the October, 2008 arrest on his son's disciplinary and legal history rather than probable cause. *Id.* at 3.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

### III. ANALYSIS

Defendant, pointing out that it is a sub-department operating under the City of Flint, argues that it is not a legal entity "against which lawsuits may be filed." *Defendant's Brief* at 7 (citing *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.,* 32 F.3d 989, 991 fn 1 (1994)). In response, Plaintiff asks to amend the complaint for the purpose of substituting "City of Flint," for the "Flint Police Department." *Response* at 3 of 20.

I agree that the claims against the police department are subject to dismissal on the basis it "is not an entity which may be sued." *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994); *Bradford v. Gardner,* 578 F.Supp. 382, 383 (E.D.Tenn.1984); *Cummings v. 54th Judicial Dist. Court* 2006 WL 3104642, *3 (E.D.Mich.2006)(Hood, J.).

However, even if the motion to amend were granted or alternatively, that claims against the police department were construed against the City of Flint, the municipal claims would nonetheless

-4-

fail on their merits. Plaintiff asserts that Defendant Williams, a Flint Police Officer, did not have probable cause to arrest AG on October 29, 2008.[2] Plaintiff's own allegations and exhibits, standing alone, defeat his claim. Police reports state that AG, along with eight other individuals, were escorted to the school office after Roosevelt reported that nine gang members attacked him. *Doc. #1* at 13, 21. Upon their arrival in the school office, Roosevelt then identified the nine individuals as his attackers, after which time, the nine were arrested by Williams. *Id.* Without more, Roosevelt's statement is sufficient to establish probable cause. *U.S. v. Shaw,* 464 F.3d 615, 623 (6th 2006)(An eye witness's statement that he or she saw a crime committed or was the victim of a crime is generally sufficient to establish probable cause")[3]. Plaintiff's failure to show a constitutional violation by Defendant Williams would defeat the municipal liability claim against the City In the absence of a dismissal motion by Williams, I am reluctant to recommend a *sua sponte* dismissal of the police officer. However, the Complaint's allegations, viewed in the light most favorable to the Plaintiff, do not suggest an unconstitutional policy or custom by the City.

---

[2]Defendant Williams has not yet filed a motion to dismiss.

[3] To the extent that A.G.'s disciplinary history would also play into the probable cause equation, the following is only a sample of the disciplinary actions taken against him in the two years prior to the attack on Roosevelt: *Doc. #1* at 47 (three-day suspension in May, 2008 for disruptive behavior); *Id.* at 48 (four-day suspension in December, 2007 for writing profanity on a school desk);*Doc. #1-2* at 1 of 50 (five-day suspension in September, 2008 for throwing a bottle in the school cafeteria); *Id.* at 2 (February, 2008 five-day suspension for disruptive behavior); *Id.* at 4 (April, 2008 one-day suspension for insubordination). AG was also convicted of assault in September, 2006. *Doc. #1* at 4, 31 of 50. Moreover, prior to the October 29, 2008 attack on Roosevelt, AG had been observed by Defendant Williams "hanging around gang members" at school on multiple occasions. *Doc. #1* at 11. Defendants inference that AG was a gang member, coupled with his disciplinary history and Roosevelt's statement that he had been attacked by gang members (even without Roosevelt's ID) was arguably sufficient to grounds to arrest AG.

Likewise, Plaintiff's allegation of a constitutional or statutory violation on the basis that police department personnel refused to hand over an incident report naming minor students who witnessed the October 29, 2008 attack is unavailing. Correspondence from the police department shows that police department personnel, complying in part with Plaintiff's request for information, withheld the names of juvenile witnesses to the school attack pursuant to M.C.L. §15.243(a)(1), which exempts "[i]nformation of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." *Doc. #1* at pg. 28-50. Moreover, because charges were dropped against A.G., he holds neither a Due Process nor Sixth Amendment right to the identity of witnesses to the attack.

## IV. CONCLUSION

For these reasons, I recommend that the motion to dismiss [Doc. #18] be GRANTED, dismissing this Defendant with prejudice. I further recommend that Plaintiff's request to amend his complaint to substitute "the City of Flint" as the real party in interest be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/R. StevenWhalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Date: February 4, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 4, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 4, 2011: **Joey Gerald.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge R. Steven Whalen
                                              (313) 234-5217